William NIBLO, Jr., and Service Fire Insurance Company of New York, Plaintiffs,

v.

CENTRAL WEST OIL CORPORATION, Defendant.

CENTRAL WEST OIL CORPORATION, and Insurance Company of North America, Counter-Claimants,

v.

William NIBLO, Counter-Defendant.

TRAVELERS INSURANCE COMPANY, a corporation, Intervenor,

v.

William NIBLO.

Emily TRUE, Administratrix of the Estate of Elwyn R. True, Deceased, and Travelers Insurance Company, Intervenors,

v.

William NIBLO.

No. 1576.

United States District Court, N. D. Indiana, South Bend Division.

Feb. 9, 1955.

Benjamin Piser and Paul R. Moo, South Bend, Ind., for plaintiff.

James E. Keating, South Bend, Ind., William O'Malley, Chicago, Ill., for defendant.

PARKINSON, District Judge.

This is a civil action founded upon the complaint of William Niblo, Jr., to recover from Central West Oil Corporation in damages for alleged personal injuries the sum of $43,672 and alleged property damages of $10,000, wherein the Central West Oil Corporation filed a counterclaim to recover from William Niblo alleged property damages of $20,000; the Travelers Insurance Company filed an intervening complaint to recover from William Niblo the sum of $9,750 for compensation payments made or to be made to the dependants of Marvin Lilly, and Emily True, Administratrix of the estate of Elwyn R. True, deceased, filed an intervening complaint to recover from William Niblo the sum of $20,000 in damages for the alleged wrongful death of Elwyn R. True.

On motion of William Niblo, Insurance Company of North America was made an additional counter-claimant and Travelers Insurance Company was made an additional intervening plaintiff with Emily R. True, Administratrix, and, on motion of Central West Oil Corporation, Service Fire Insurance Company of New York was made an additional party plaintiff.

The cause was tried to a jury resulting in a verdict for the plaintiff for (a) damages for personal injuries $4,500; (b) property damage to trailer $4,700; (c) excess of damages to truck over payment by Service Fire Insurance Company of New York $200; and for Service Fire Insurance Company of New York $4,300; a verdict for William Niblo on the counterclaim, and a verdict for William Niblo on both intervening complaints.

After return of the verdicts, the defendant, Central West Oil Corporation, filed a motion to set aside the verdict and for a new trial on the grounds that (1) there was no substantial evidence to sustain the verdict; (2) the Court erred in refusing to instruct the jury to render a verdict for the defendant, and (3) the verdict was excessive with respect to the award made for personal injuries of William Niblo, Jr., and it is the question raised thereby which now demands the attention of this Court.

At the request of all of the parties, the Court gave to the jury the following instruction:

"The pleadings of the parties admit and there is accordingly no dispute as to the fact that a collision occurred on Illinois Route 83, a paved public highway in Cook County, Illinois, at approximately 4:00 o'clock A.M., on November 13, 1952, at a point on said highway approximately two miles west of Route 45, wherein a semi-trailer gasoline truck of Central West Oil Corporation and being driven by Marvin Lilly as its agent and servant collided with a truck and trailer of William Niblo and a semi-trailer gasoline truck of Central West Oil Corporation and being driven by Elwyn R. True as its agent and servant collided with the semi-trailer gasoline truck driven by Marvin Lilly."

Accordingly all of the pertinent facts concerning the collision were admitted, except liability and damage, and the only questions in dispute to be determined by the jury from the evidence were those of liability, if any, and the amount of damages to be awarded to the innocent party or parties.

Evidence is in the record that just prior to the collision the plaintiff was operating his truck and trailer in an easterly direction on Illinois Route 83 on his right side of the two lane highway with all of his lights on at a speed of about

20 miles per hour; that it was dark and patches of smog were on the highway, and that he rolled the left window of his cab down and was watching the white center line of the highway to his left when he was struck by the vehicles of the Central West Oil Corporation; that it was a terrific accident and that the truck and trailer of William Niblo were a total loss.

The Court instructed the jury, inter alia, without any objection by any of the parties, that the jury were the judges of the weight of the evidence and had the right to determine what inferences and conclusions, if any, should be drawn therefrom.

■ The Court followed the evidence very closely during its introduction and has carefully reviewed and weighed all of the evidence in the record subsequent to the filing of the motions by the defendant, and is convinced that the jury were justified in finding that the negligence of the defendant was the proximate cause of the collision and resultant damage to the plaintiff and that, as to liability, the verdict is sustained by sufficient evidence and that there is substantial evidence to sustain the verdict. Therefore, it is the opinion of this Court, that specifications 1 and 2 of the motions of the defendant are not well taken.

■ This case was tried by all of the parties upon the theory that the law of Illinois was applicable. The collision occurred in the State of Illinois and the law of that State does apply.

■ It is the law in Illinois that certain results of personal injury are insusceptible of admeasurement and, therefore, the amount of an award in damages for personal injuries rests largely within the discretion of the jury, provided always that there be adequate credible evidence to sustain the verdict.

■ The evidence discloses that the plaintiff was injured in the collision; that he was off work for approximately three weeks to a month immediately thereafter; that he was unable to drive a truck as the result of the collision and that he went to work in a filling station; that he was subject to sleeplessness and headaches as the result of the collision and one of his eyes gave him quite a bit of trouble and that condition had continued up to the time of trial and then existed, and that he suffered a considerable loss of earnings as the result of his injuries.

As to loss of earnings the plaintiff testified in part as follows:

"Q. Taking all of your earnings, was there a difference in the earnings for the year after the accident compared with the year immediately before the accident? A. Yes.

"Q. If so, what were they? A. From my difference in having my own outfit and driver's wages, deducting what I made at the gas station, was over four thousand dollars, yes."

and the doctor who examined the plaintiff the day before the trial testified that the plaintiff was suffering from a tension state—a traumatic neurosis—which was caused from the blow and the circumstances under which it happened in the collision, and

"Q. From your observation and examination, doctor, what is your opinion with reference to the treatment, present treatment? A. I feel that this man should be under definite medical care at the present time for a tension state.

"Q. Do you have an opinion as to how long such a treatment ought to continue to the future? A. That's very, very difficult to say. I think it would be a rather prolonged time rather than a short time."

The evidence was adequate under the law of Illinois to sustain the verdict of the jury, and, in the opinion of this Court, the award for personal injuries of the plaintiff is not excessive.

The defendant has raised no question as to any errors of law occurring on the trial and we are cognizant of none. The parties were given a fair and impartial trial. In the opinion of the Court, the

motion of the defendant to set aside the verdict and for a new trial must be overruled, and

It is so ordered.